UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 08-294(1)(DSD)

United States of America,

    Plaintiff,

v.                                    **ORDER**

Enrique Estrada Araque,

    Defendant.

    Steven L. Schleicher, Assistant U.S. Attorney, 316 North Robert Street, Suite 404, St. Paul, MN 55101, counsel for plaintiff.

    Enrique Estrada Araque, #14171-041, CCA/Eden Detention Center, P.O. Box 605, Eden, TX 76837, pro se.

This matter is before the court upon the pro se motion by petitioner Enrique Estrada Araque for modification of his sentence. Based on the file, record and the submissions herein, the court denies the motion.

On January 22, 2009, Araque pleaded guilty to Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. On May 21, 2009, the court sentenced Araque to the mandatory minimum sentence of 120 months of imprisonment, followed by 5 years of supervised release. Araque did not appeal his sentence. Araque now moves for modification of his sentence.

Araque argues that recent changes in sentencing policy articulated by Attorney General Eric Holder warrant modification of his sentence. The court may modify a term of imprisonment when the Sentencing Commission subsequently lowers a sentencing range. See 18 U.S.C. § 3582(c)(2). Here, the Sentencing Commission has proposed an amendment to the Sentencing Guidelines, which would reduce by two levels the offense levels for certain drug-related offenses with statutory mandatory minimum penalties. The proposed amendment has been submitted to Congress and may become effective November 1, 2014. See Amendments to the Sentencing Guidelines (April 30, 2014), United States Sentencing Commission, available at http://www.ussc.gov/guidelines-manual/amendments-guidelines-manual, at ii, 21. In other words, such an amendment has not yet become effective. Further, the other narrow circumstances that allow the court to modify an imposed sentence are not present here. See 18 U.S.C. § 3582(c)(1). As a result, at this time the court has no legal basis to grant the relief sought by Araque, and dismissal of the portion of the motion based on § 3582© is warranted.[1]

Araque also requests that the court resentence him and apply several provisions of the Sentencing Guidelines. Specifically, Araque requests that the court apply (1) Sentencing Guidelines

---

[1] The court notes that Araque may refile such a motion if the amendment to the Sentencing Guidelines becomes effective and is retroactive.

2

§ 3B1.2, which provides for a two- to four-level decrease in the total offense level if a defendant demonstrates that he had a mitigating role in the offense and (2) Sentencing Guidelines §§ 2D1.1(b)(16) and 5C1.2(a), which allow the court to impose a sentence below a statutory mandatory minimum when the defendant meets certain requirements.  Araque did not argue for the application of such guidelines prior to sentencing, nor did he raise any such arguments in a direct appeal of his sentence. See Def.'s Sentencing Br. 1-2.  Thus, such arguments are not properly before the court.  See Auman v. United States, 67 F.3d 157, 161 (8th Cir. 1995) (observing that "garden-variety Sentencing Guideline application issues" are properly raised on direct appeal). As a result, dismissal of the portion of the motion based on the Guidelines provisions is warranted.

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the motion for modification of sentence [ECF No. 63] is denied.

Dated:  July 7, 2014

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court